MARLIN RIGGS
S.I.C.I. M-D 3-19
P.O. BOX 8509
BOISE, IDAHO
83707



U.S. COURTS
NOV 12 2009
Rcvd_____ Filed_____ Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| MARLIN RIGGS<br>PLAINTIFF<br><br>-VS-<br><br>WARDEN PHILLIP VALDEZ, ICC<br>NORMA RODRIGUEZ, UNIT MANAGER ICC<br>SGT. ROSE; C/O DANFORTH ICC<br>C/O DEAN ICC<br>IN their individual AND OFFICIAL CAPACITIES,<br>AND their SUCCESSORS IN OFFICE<br><br>DEFENDANTS | CASE NO 1:09-CV-00010-BLW<br>1ST AMENDED CIVIL COMPLAINT<br><br>ORIGINAL |

COMES NOW, MARLIN RIGGS, PLAINTIFF PROSE, AND FOR HIS COMPLAINT STATES:

I.

PRELIMINARY STATEMENT

This matter brings before the Court a civil Action For Compensatory and punitive damages, as well as a request for declaratory and injunctive Relief. Plaintiff contends that while in the legal custody of the Idaho Department of Corrections and under the physical care and control of the Idaho Correctional Centre, the defendants, in both their individual and official capacities caused violations of the plaintiffs rights to due process, protection from assault all in violation of state and federal law

Exhaustion of the plaintiff's administrative remedies regarding these claims was done in a timely and complete fashion, prior to the filing of this complaint. SEE EXHIBIT (A)

II.

## JURISDICTION AND VENUE

Jurisdiction in these matters is predicated upon 28 USC 1331, 1343(3) and (4). Those matters in controversy herein arise under 42 USC 1983.

Venue is proper in this proceeding since all of the material facts complained of herein occured within the County of Ada, State of Idaho, and accordingly, those complaints are within preview of the United States District Court for the District of Idaho.

## III.
## THE PARTIES

THE PLAINTIFF:

1. Marlin Riggs, the Plaintiff, is a citezen of the United States, a legal Resident of the State of Idaho, and at all times relevant to the event complained of herein was housed within the Idaho Correctional Center (ICC), under the direct care, custody, and control of Warden Phillip Valdez, by virtue of a lawful Judgement of conviction and sentence under the laws of the State of Idaho.

2. THE DEFENDANTS:
Each of the following defendants are citizens of the United States and were at those times complained of herein legal residents of the State of Idaho; and each possesed direct knowledge of the complaints herein; however the current addresses of at least some of these individuals are presently unknown to the plaintiff. Moreover, each of these defendants, at those times relevant to the allegations, was employed as a lawful agent or contractor for the State of Idaho, and therefore legally and lawfully considered actors under color of state law.

3. Defendants Norma Rodriguez and Warden Phillip Valdez, was at all times relevant hereto, employed by the Corrections Corporation of America (CCA) as the unit manager and the warden of that section of the Idaho Correctional Center (ICC) within which the plaintiff was housed, and was at those times complained of herein functioning in those same capacites, possessing direct knowledge of these events endowed with the accountability and responsibility regarding those other defendants who had direct responsibility for the physical well being of the plaintiff. Defendants Rodriguez and Valdez are both being sued in their personal and official capacities.

4. Defendant Sgt. Rose is an employee of the Corrections Corporation of America, who at all times pertinent to these proceedings was the Unit Sgt. and was the "Gang Coordinator" in his former position, within that area of the Idaho Correctional Center where the plaintiff experienced the events complained of in this filing. Defendant Rose was personally involved in the conduct complained of herein, and the plaintiff is of reasonable belief that Rose was charged throughout the time of these events with the responsibility to see that all inmates within that section of I.C.C., where the plaintiff was housed during those times relevant, were provided due process, physical protection, as an integral part of his employment.

5. Defendant C/O Danforth was throughout those times complained of herein employed as the correctional officer at the Idaho Correctional Center, by the Corrections Corporation of America, and assigned to that area of the institution where the plaintiff was housed and assulted. On reasonable information and belief C/O Danforth was accountable for the protection of all the inmates within the plaintiffs area of housing at I.C.C., including the plaintiff, from threats and intimidation and extorsion by other prisoners. C/O Danforth is being sued in both his personal and official capacities.

6. Defendant C/O Dean was employed, by C.C.A. during those times relevant to these matters as a correctional officer assigned to that area of the facility where the plaintiff was physically attacked and beaten during those times mentioned herein. As such, it is reasonable to believe and known information that defendant C/O Dean was accountable and responsible for the physical protection of the plaintiff. Defendant C/O Dean is being sued herein in both his personal and official capacities.

IV.



## STATEMENT OF MATERIAL FACTS

1. SHORTLY AFTER THE EVENING MEAL ON MAY 10TH 2008 THE PLAINTIFF WAS APPROACHED IN HIS CELL IN L POD, AT THE IDAHO CORRECTIONAL CENTER, SOUTH OF BOISE, BY AN INMATE UKNOWN TO HIM AND INFORMED THAT HE WOULD HAVE TO "PAY RENT" TO CONTINUE TO LIVE ON THE TEIR. MOREOVER, THE PLAINTIFF WAS TOLD THAT UNLESS HE AGREED TO DO SO HE WOULD BE BEAT UP BY A GROUP OF INMATES.

2. AT THE CONCLUSION OF THIS DISCUSSION, THE INMATE LEFT WITH THE PLAINTIFFS KOSS HEADPHONES TWO (2) HOBBY CRAFT BOXES WITH HOBBY CRAFT MATERIALS, AND ALL OF HIS CONSUMABLE COMMISARY; ADVISING THE PLAINTIFF THAT THIS WAS A ONE TIME DEAL AND HE WOULD BE LEFT ALONE FROM THIS POINT FORWORD. ALL THIS WAS CAUGHT ON VIDEO.

3. THE FOLLOWING DAY, MAY 11TH 2008, AT APPROXIATELY 6:30 P.M., THE PLAINTIFF WAS AGAIN APPROCHED AND THIS TIME INFORMED THAT HE MUST FIGHT OR LEAVE THE TEIR. PLAINTIFF ELECTED TO LEAVE, PRESSED THE EMERGENCY BUTTON, AND INFORMED C/O JOHNSON THAT HE MUST LEAVE THE TEIR OR FACE BEING BEAT UP. C/O JOHNSON DIRECTED THE PLAINTIFF TO C/O DEAN WHO ASKED FOR THE NAMES OF THE INDIVIDUALS. PLAINTIFF TOLD C/O DEAN HE DIDN'T KNOW THEIR NAMES BUT THEY WERE ON CAMERA LEAVING HIS CELL BOTH THAT DAY AND ON MAY 10TH 2008. UPON HEARING THIS DEAN TOLD PLAINTIFF TO RETURN TO THE TEIR, SO THAT HE COULD SEE WHO WOULD ACOST HIM, HOWEVER, THE PLAINTIFF REFUSED TO DO SO, ASKING TO SEE THE UNIT SERGEANT.

4. PLAINTIFF WAS PLACED IN THE MULTI PURPOSE ROOM TO AWAIT THE ARRIVIAL OF UNIT SGT. AND COUNSELOR AND EX GANG COORDINATOR C/O ROSE, WHO ALSO ASKED FOR THE NAMES INVOLVED. WHEN THE PLAINTIFF ADVISED ROSE HE DIDN'T KNOW THEIR NAMES, ROSE BECAME EXTREMELY UPSET AND TOLD THE PLAINTIFF TO GET BACK ON THE TEIR, SWEARING AT THE PLAINTIFF FOR WASTEING HIS TIME AND THREATENED TO ISSUE THE PLAINTIFF A DISINPLINARY OFFICERS REPORT (DOR) FOR FAILING TO OBEY A DIRECT ORDER. THE PLAINTIFF ON HIS WAY OUT ASKED C/O DANFORTH TO SPEAK WITH THE CAPTAIN, BUT DANFORTH REFUSED PLAINTIFF TO BE ALLOWED TO DO SO. SEE EXHIBIT (B)

5. WHEN THE PLAINTIFF RETURNED TO THE TEIR, THE OTHER INMATES WERE GONE TO DINNER, SO HE CALLED HIS FAMILY TELEPHONICALLY AND INFORMED THEM OF WHAT WAS GOING ON. AFTER HANGING UP THE PLAINTIFF RETURNED TO HIS CELL. SEE EXHIBITS (D) AND (E)

6. WITHIN MINUTES THE PLAINTIFF WAS SEVERELY ASSULTED BY MULTIPLE ASSAILANTS INSIDE HIS OWN CELL AND AFTER A PERIOD OF TIME FOUND BY C/O DEAN LYING IN A POOL OF BLOOD, UNCONSCIOUS AND CONTINUEING TO BE KICKED AND BEATENED BY ONE OF THE PERPETRATORS WHEN C/O DEAN ENTERED THE CELL. PRIOR TO ENTERING THE PLAINTIFFS CELL C/O DEAN OBSERVED AT LEAST ONE OTHER INMATE LEAVING THE CELL BEFORE HE HIMSELF, ENTERED AND OBSERVED THE ONGOING BEATING.

7. THE PLAINTIFF WAS HANDCUFFED AND TAKEN TO MEDICAL WHERE THE DOCTOR ADVISED HIM THAT HIS NOSE WAS BROKEN AND MANUALLY SET IT BACK IN PLACE. THE PLAINTIFFS REQUEST FOR X RAYS OF WHAT WAS LATER DETERMINED TO BE BROKEN BONES IN HIS FACE WAS REFUSED AND HE WAS PLACED IN AD SEG WHERE HE REMAINED FOR 15 DAYS LAYING IN HIS OWN BLOOD WITH CONSTANT NOSE BLEEDS, A DENT IN HIS FACE, AND DIFFICULTY BREATHING.

8. ADDITIONALLY, WHILE IN LOCKDOWN FOR THIS INCIDENT, THE PLAINTIFF WAS ISSUED A CLASS A DOR FOR DISRUPTIVE VIOLENCE, AND DESPITE HIS REPEATED REQUESTS DURING THIS SAME PERIOD PLAINTIFF WAS DENIED CONCERNS FORM AND GRIEVANCES WITH WHICH PLEAD HIS CASE.

9. DEFENDANT RODRIQUEZ VISITED THE PLAINTIFF WHILE HE WAS IN AD SEG, AND WHERE THE PLAINTIFF INFORMED THE DEFENDANT THAT HE HAD ADVISED THREE (3) DIFFERENT STAFF MEMBERS PRIOR TO HIS BEATING THAT HE WOULD BE ASSULTED, AND THAT HE WAS REFUSED ANY CONCERNS OR GRIEVANCES, OR ANY HELP WHATSOEVER. THE PLAINTIFF FINALLY GOT (1) CONCERN ASKING FOR ENVELOPES AND A VARIETY OF FORMS, BUT THAT WENT UNANSWERED AS WELL.

10. THE EVIDENCE IN THIS CASE WILL SHOW THAT THE AREA OF THE PRISON WHERE THIS ASSULT HAPPENED HAS SEEN 123 ADMITTED ASSULTS. SEE EXHIBIT (M) WITHIN THE YEAR PRIVIOUS TO 2009. PLAINTIFF CONTENDS THIS NUMBER IS CONSERVITIVE. THAT THOSE AUTHORITIES RESPONSIBLE FOR THE CONTROL OF THAT AREA AND THE SAFETY OF THOSE HOUSED THERE POSSES VIDEO TAPES OF THE PERPETRATORS OF THIS AND MANY OTHER ASSULTS, DATEING BACK YEARS, BUT IN MANY CASES SIMPLY REFUSE TO ACT ON THESE MATTERS AND PROTECT THOSE INMATES WITHIN THEIR SCOPE OF RESPONSIBILITY.

11. THE PLAINTIFF HAS SINCE BEEN OPERATED ON FOR THE DAMAGE SUFFERED FOR THE BROKEN NOSE, A DEVIATED SEPTUM, but not the obvious DENT IN HIS FACE. THEREBY HE HAS PERMANANT PHYSICAL AND PYSCOLOGICAL DAMAGE, AS A RESULT OF THE DELIBERATE INDIFFERENCE, INAPPROPREATE ACTIONS, AND/OR THEIR INDIVIDUAL AND COLLECTIVE FAILURES TO ACT.

## VI.
## CAUSES OF ACTION

1. DEFENDANT RODRIGUEZ' DIRECT KNOWLEDGE OF, AND WARDEN PHILLIP VALDEZ DIRECT KNOWLEDGE OF FAILURE TO ACT UPON THIS AND OTHER SIMALAR ASSULTS, AS SET DOWN MORE FULLY IN PARAGRAPHS 1-11 OF THE STATEMENT OF MATERIAL FACTS, CONTAINED WITHIN SECTION IV OF THIS COMPLAINT, ARE LEAGALLY SUFFICIENT TO HOLD THESE DEFENDANTS INITALLY ACCOUNTABLE FOR THE PLAINTIFF'S DENIAL OF DUE PROCESS; LOSS OF PROPERTY NEEDLESS PAIN AND SUFFERING, PERMANANT PHYSICAL DAMAGE, PYSCOLOGICAL DAMAGE THEREBY VIOLATING THOSE RIGHTS AFFORDED THE PLAINTIFF UNDER THE 8TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

2. THE ACTIONS AND/OR THE INACTIONS OF DEFENDANTS ROSE, DANFORTH, AND DEAN DESCRIBED MORE FULLY WITHIN PARAGRAPHS 1-11 OF THE STATEMENT OF MATERIAL FACTS, SECTION IV OF THIS SAME COMPLAINT, ARE SUFFIENT TO SET A PRIMA FACIE CASE OF FAILURE TO PROTECT! THE DELIBERATE INDIFFERE, TO DENIAL OF DUE PROCESS BY THESE DEFENDANTS! ALL IN ABROGATION OF THE PLAINTIFFS RIGHTS GUARANTEED UNDER THE 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

## VII.
## LAWSUITS AND ADMINISTRATIVE RELIEF

1. THERE HAVE BEEN NO PREVIOUS LAWSUITS OR OTHER LEGAL ACTIONS BASED UPON THESE SAME SET OF MATERIAL FACTS FILED IN ANY STATE OR UNITED STATES DISTRICT COURT

## VIII.
## PRAYER FOR RELIEF

THE FOREGOING FACTS AND REASONS ARE SUFFICIENT TO RESPECTFULLY REQUEST THAT THIS COURT ENTER AN ORDER CONTAINING THE FOLLOWING DIRECTIVES:

1. THAT THE COURT ASSUME JURISDICTION OF THOSE PROCEEDINGS, CONDUCT IT'S INITIAL REVIEW AND ADVANCE THIS MATTER UPON ITS NORMAL CALANDER;

2. THAT A DECLARATORY JUDGEMENT BE ENTERED THAT HOLDS THE DEFENDANTS, INDIVIDUALLY AND OR COLLECTIVELY HAVE VIOLATED THE PLAINTIFF'S APPLICABLE FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, PROTECTION FROM ASSULT.

3. THAT COMPENSATORY DAMAGES BE AWARDED THE PLAINTIFF IN AN AMOUNT THAT THE EVIDENCE AT TRIAL MAY SHOW IS PROPER AGAINST EACH OF THE DEFENDANTS;

4. THAT PUNITIVE DAMAGES BE GRANTED AGAINST THE APPLICABLE DEFENDANTS, IN A AMOUNT TO BE DETERMINED AT THAT SAME TRIAL;

5. AND, FOR SUCH OTHER AND ALTERNATIVE RELIEF AS IS JUST AND EQUITABLE UNDER THE CIRCUMSTANCES, INCLUDING THE AWARD OF ATTORNEY FEES AND COSTS, SHOULD PLAINTIFF OBTAIN COUNSEL!

DATED THIS 7TH DAY OF NOVEMBER 2009

RESPECTFULLY SUBMITTED BY;

Marlin Riggs

MARLIN RIGGS
PLAINTIFF PROSE

VERIFICATION

1. I DO HEREBY CERTIFY AND AFFIRM THAT I AM THE PLAINTIFF IN THE ABOVE AND FOREGOING COMPLAINT; THAT THE PLAINTIFF HAS READ THE INCLUDED COMPLAINT IN ITS ENTIRETY; AND, THAT THE FACTS AND ALLEGATIONS CONTAINED THEREIN ARE TRUE AND CORRECT TO THE BEST OF THE PLAINTIFFS KNOWLEDGE AND BELIEF IN ALL RESPECTS.

DATED THIS TH DAY OF NOVEMBER 2009

RESPECTFULLY Submitted by:

Marlin Riggs

PLAINTIFF PRO SE

SUBSCRIBED AND SWORN TO before me, Notary Public ON THIS 9 TH day OF NOVEMBER 2009

NOTARY Public — STATE OF IDAHO

SEAL

LISA GIFFORD
NOTARY PUBLIC
STATE OF IDAHO

RESIDING AT Bonneville County

COMMISSION EXPIRES: 8 / 31 / 2015