IN THE UNITED STATES DISTRICT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARLIN RIGGS, individually, and JOSE PINA, JOE ROCHA, ANDREW IBARRA, JOSHUA KELLY, and RAY BARRIOS, individually and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PHILIP VALDEZ, NORMA RODRIGUEZ, CHRISTOPHER ROSE, TODD DANFORTH, and OFFICER DEAN, individually and in their official capacities; BRENT REINKE, MARK FUNAILOE, JANIE DRESSEN, NORMAN LANGERAK, MIKE MATTHEWS, and BILL YOUNG, in their official capacities; and CORRECTIONS CORPORATION OF AMERICA, inc.<br><br>    Defendants. | Case No. 1:09-CV-00010-BLW<br><br>**ORDER** |

Pending before the Court in this prisoner civil rights action is a Motion to Strike Plaintiffs' Amended Complaint (Docket No. 27), filed by Defendants Philip Valdez, Norma Rodriguez, Christopher Rose, Steven Danforth, William Dean, and

**ORDER - 1**

Corrections Corporations of American ("CCA Defendants").  Defendants Brent Reinke, Mark Funailoe, Janie Dressen, Norman Langerak, Mike Matthews, and Bill Young ("IDOC Defendants") have joined the Motion.  (Docket No. 35.)   That Motion has been fully briefed.  The CCA Defendants have more recently filed a Motion to Strike [Motion] for Class Certification. (Docket No. 31).   The IDOC Defendants have also joined in that motion.  (Docket No. 33).   Plaintiffs have not yet filed a response to this latter motion.

     Both sets of motions are inter-related, since they raise the issue of the propriety and timing of the Plaintiff's effort to convert his damages claim into a class action suit for injunctive relief.   To avoid further delay, the Court will not require a response from Plaintiffs concerning the Motion to Strike Motion to Certify Class before issuing its ruling.  For the reasons that follow, both Motions will be denied.

     Plaintiff Marlin Riggs initiated this lawsuit in 2009, alleging that prison gang members at the Idaho Correctional Center had threatened and assaulted him, that prison officials failed to protect him, and that he was denied medical treatment for 15 days after his injury.  (Docket No. 3.)  The Court consolidated Riggs's case with other cases that included similar failure to protect claims and notified the parties that the consolidated cases would be set for early mediation.  (Docket No.

**ORDER - 2**

5, pp. 2-3.)

After it became apparent that some plaintiffs had not exhausted their administrative remedies, the Court severed this case and allowed it to proceed under its own case number. (Docket No. 8, p. 23.) Riggs filed an amended pleading, but the Court thereafter notified the parties that pro bono counsel had agreed to represent him and that counsel intended to file an amended complaint. (Docket No. 11, p. 2.)

With the assistance of counsel, Riggs and five other named plaintiffs filed an Amended Complaint on March 11, 2010. (Docket No. 16.) The new plaintiffs are proceeding individually and on behalf of a class of similarly situated inmates at ICC, and they seek declaratory and injunctive relief. (Docket No. 16, p. 78-79.) Plaintiff Riggs does not purport to represent the class, and he is seeking compensatory and punitive damages. (*Id*. at 78.)

The CCA Defendants have responded by filing a Motion to Strike the Amended Complaint, which the IDOC Defendants have now joined. (Docket Nos. 27, 35.) Defendants argue that the Court did not authorize this case to be expanded into a potential class action with new plaintiffs, defendants, and claims, and that Riggs, who no longer resides at ICC, is misjoined with the potential class of inmates at ICC who seek only equitable relief. (Docket No. 27-1, pp. 1-2.)

**ORDER - 3**

Defendants contend that the class is essentially "piggybacking" onto Riggs's lawsuit, which will cause case management problems and prejudice to Defendants. (*Id* at 2, 12.)

The Court is not persuaded that the Amended Complaint should be stricken or dismissed. There is a strong public policy in favor of amendments so that all claims may be heard in one proceeding rather than through piecemeal litigation. *See*, *e.g.*, *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995). The Court originally intended to consolidate similar failure to protect cases for ease of administration and possible early mediation, and Defendants have not shown a strong countervailing case management benefit in splitting apart the plaintiffs and claims at this time. If the lead members of the potential class filed a new complaint under a different case number, as Defendants suggest they should, it is likely that the Court would have consolidated the cases for discovery purposes to avoid a wasteful duplication of effort on similar claims.

Defendants also contend that they will be prejudiced at a jury trial on Riggs's claims for monetary relief by the presentation of evidence that relates solely to the class claims for injunctive relief. The Court is unpersuaded. Rigg's damage claim will be tried to a jury and will be limited only to evidence relevant to his claims. On the other hand, it is likely that Riggs will seek to introduce

**ORDER - 4**

evidence of ongoing problems at the ICC facility in order to show that the Defendants were aware of the danger to inmates and did nothing to protect them from gang violence.  That same evidence would clearly be relevant to the class claims for injunctive relief.  Given that overlap, sound principles of case management and judicial efficiency would suggest a staged single trial as follows: The Riggs' trial would proceed first, and a jury verdict rendered on his damages claims.  The Court would then move directly into the second phase – an evidentiary hearing before the Court, during which the Class Plaintiffs and the Defendants would submit additional evidence relevant to the injunctive relief claims but not admitted into evidence during the Rigg's phase of the trial.  The Court is not locked into this approach, but it would seem to be an efficient and orderly means of resolving these different, but related claims.

Because neither the CCA nor the IDOC Defendants have shown current or imminent prejudice from going forward with the Amended Complaint, the Motion to Strike will be denied.  The Motion to Strike [Motion] to Certify Class will likewise be denied.

Under Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure, the Court must determine whether to certify a class action "at an early practicable time after a person sues or is sued as a class representative."  The class action claims only seek

**ORDER - 5**

injunctive relief. This would seem to resolve most of the typical disputes over class certification in cases where the plaintiffs seek monetary damages. On the other hand, the Defendants may have other valid concerns about class certification which may make it unreasonable to schedule an early hearing date. Therefore, while the Court does not presently see a reason to delay a hearing on Plaintiffs' Motion for Class Certification, Defendants shall have an opportunity to respond to this Order and demonstrate why more time is needed to prepare for the class certification hearing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that CCA Defendants' Motion to Strike Plaintiffs' Amended Complaint (Docket No. 27), joined by IDOC Defendants, is DENIED.

IT IS FURTHER ORDERED that CCA Defendants' Motion to Strike [Motion] for Class Certification (Docket No. 31), joined by IDOC Defendants, is DENIED.

IT IS FURTHER ORDERED that a hearing on Plaintiffs' Motion for Class Certification will be held at the United States Courthouse in Boise on May 27, 2010 at 9:30 a.m.

IT IS FURTHER ORDERED that no later than seven (7) days from the date

this Order is entered on the docket, Defendants may, at their option, file a motion for additional time, demonstrating why the hearing on class certification should be continued to a later date.  Plaintiffs' response shall be filed within five (5) days of receiving a motion.

DATED:  **April 28, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 7**