# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARLIN RIGGS, individually, and JOSE PINA, ANDREW IBARRA, JOSHUA KELLY, RAY BARRIOS, and RANDY ENZMINGER, individually and on behalf of a class of all other persons similarly situated,<br><br>                                       Plaintiffs,<br><br>v.<br><br>PHILLIP VALDEZ, NORMA RODRIGUEZ, CHRISTOPHER ROSE, TODD DANFORTH, and OFFICER DEAN, individually and in their official capacities; BRENT REINKE, MARK FUNAIOLE, JANIE DRESSEN, NORMAN LANGERAK, MIKE MATTHEWS, and BILL YOUNG, in their official capacities; and CORRECTIONS CORPORATION OF AMERICA, Inc.<br>                                       Defendants. | Case No. 1:09-cv-00010-S-BLW<br><br><br><br><br><br><br>**PROTECTIVE AGREEMENT AND ORDER** |

## PROTECTIVE AGREEMENT AND ORDER

Upon joint motion by the parties and pursuant to the terms of the following Protective Agreement ("Agreement"), the Court HEREBY **GRANTS** the parties' Stipulation (Dkt. No. 122) and so **ENTERS** the following PROTECTIVE ORDER.

   1.   For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other

**PROTECTIVE AGREEMENT AND ORDER - 1.**

confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26) or confidential personal information, including, but not limited to the named Plaintiffs' and other inmates' health care and mental health information, the institutional file and/or documents, disciplinary related documents, presentence investigations; documents containing financial, pricing, or contractual information, including but not limited to portions of contract(s) between Corrections Corporation of America ("CCA") and Idaho Department of Corrections ("IDOC") that are not available to inmates in the ICC law library, policies, procedures, training materials, CCA's document retention policy, grievance logs, diagrams, maps, video, as well as confidential information relating to the security of a CCA facility or IDOC facility, and personal information relating to current or former CCA employees, or relating to or identifying current or former inmates (other than named Plaintiffs), the disclosure of which might invade those employees' or inmates' privacy.  By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies, or summarizes matter that any party considers confidential.  Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.  Nothing in this Order will preclude a party from describing the contents of a

**PROTECTIVE AGREEMENT AND ORDER - 2.**

video in a pleading or in open Court, or in playing a video in open Court, provided that the opposing party receives prior notice of two business days before the video is played in order to raise any objection with the Court. Moreover, nothing in this Order precludes a party from generally describing or referring to a policy, procedure, post order or practice, that has been designated "Confidential", in a pleading or in open Court.

2. By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3. It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as **"CONFIDENTIAL"** will be subject to this Protective Agreement and the Court's Protective Order. Documents subject to this Agreement will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to

**PROTECTIVE AGREEMENT AND ORDER - 3.**

        Paragraph 10.  CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

    a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately.  This request will be made on the record whenever possible.

    b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**

    c. All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 9.

5. All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form.  An unredacted version will be filed under seal with the clerk of the court.  Pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**PROTECTIVE AGREEMENT AND ORDER - 4.**

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS
THEREOF DISPLAYED, COPIED, OR REVEALED, EXCEPT BY
COURT ORDER**

6. Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, the parties, and to the following counsel and experts: Attorneys in this action and their support staff, including paralegals, legal interns and legal assistants, or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure, or where production is ordered by the Court.  The above disclosures may be made provided that no disclosure shall be made to any person employed by any competitor of the party producing the CONFIDENTIAL INFORMATION except upon order of the Court, or to any member of the press.  Any attorney, the attorney's support staff or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

7. CONFIDENTIAL INFORMATION containing address, identifying information (does not include last names of Defendant's employees and former employees), dependent information, or contact information concerning former or current CCA employees will not be disclosed to Plaintiffs (excluding counsel and experts), any present or former inmate, member of the general public, or the press.  Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices or  directives of which the foregoing relate, to security procedures utilized either by any CCA employee, at any CCA facility, or at any IDOC

**PROTECTIVE AGREEMENT AND ORDER - 5.**

facility, will not be disclosed to Plaintiffs, any other present or former inmate, member of the general public, or the press. Defendants will produce the information with the label: **"CONFIDENTIAL/ATTORNEYS' EYES ONLY."** Confidential information so labeled shall not be disclosed to Plaintiffs, any present or former inmate, the general public, or the press, and will be handled accordingly at all times barring a written agreement by Defendants to modify or remove the designation or a court order.

8. If a party intends to designate portions of a deposition as **"CONFIDENTIAL"** that party shall have the right to limit attendance at the relevant portion of the deposition to the persons set forth in Paragraph 6 of this Order.

9. If Plaintiffs' counsel or experts are required by law or court orders to disclose Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 6, the name of that person or entity will be furnished to CCA as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 6 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

10. Upon completion of this litigation, if Plaintiffs' counsel desires to use the CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiffs' counsel must first request permission in writing from the Office of the General Counsel of CCA and/or Naylor & Hales, P.C. The request

**PROTECTIVE AGREEMENT AND ORDER - 6.**

must be made in sufficient time (not less than two weeks) for CCA and/or Naylor & Hales, P.C. to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit. If permission is not given, Plaintiffs' counsel agrees not to use the CONFIDENTIAL INFORMATION produced in this litigation in any other subsequent litigation.

11. Counsel for various parties retains the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

12. Upon completion of the litigation, counsel and their experts shall return, or by agreement of the parties may provide a Certificate of Destruction, to the producing party any CONFIDENTIAL INFORMATION produced in this action, subject to Paragraph 10.

13. Nothing in this Protective Agreement precludes Plaintiffs or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

14. Plaintiffs expressly reserve the right to challenge the scope of this Order, should they deem it necessary to do so.

15. Each person designated in Paragraph 6, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those

**PROTECTIVE AGREEMENT AND ORDER - 7.**

under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

DATED: **January 28, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court

**PROTECTIVE AGREEMENT AND ORDER - 8.**