UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARLIN RIGGS, individually, and JOSE PIÑA, JOE ROCHA, ANDREW IBARRA, JOSHUA KELLY, RAY BARRIOS, and RANDY ENZMINGER, individually and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>PHILLIP VALDEZ, NORMA RODRIGUEZ, CHRISTOPHER ROSE, STEVEN DANFORTH, and WILLIAM DEAN, individually and in their official capacities, and CORRECTIONS CORPORATION OF AMERICA, Inc.,<br><br>    Defendants. | Case No. 1:09-00010-BLW<br><br>**ORDER** |

Several motions are currently pending in this prisoner civil rights matter, including Plaintiffs' Motion to Sever Marlin Riggs's claims for damages from the potential class action. (Dkt. 142.) Defendants do no oppose severance, but they seek "reassignment" of the class action case to another judge. (Dkt. 159.) In support of their request, Defendants claim that Plaintiffs' counsel, particularly Stephen Pevar, have been manipulating this

**ORDER - 1**

litigation to ensure that it stays in front of this Court, and Defendants imply that the Court or its staff might have engaged in some type of impropriety when Mr. Pevar agreed to enter his appearance in the case.[1] (Dkt. 159, p.5, n.3.)

I have reviewed Mr. Pevar's description of the contact between himself and a member of the Court's staff that led to his decision to enter the case, and find that his description aligns with my own inquiry into the matter.[2] (Dkt. 165, pp. 1-4.) I did not personally solicit Plaintiffs' counsel to take the case, nor did I direct any staff member to do so. I was completely unaware of the circumstances surrounding counsel's appearance until he disclosed that information in his recent filings. More importantly, I harbor no bias or prejudice for or against any party to this litigation, and have no interest in the outcome of this case.

Nor do I believe that any impropriety occurred. The staff member who contacted Mr. Pevar was, at the time, working part-time as my judicial assistant and part-time as the Alternative Dispute Resolution/Pro Bono Coordinator.[3] All of her contacts with Mr. Pevar

---

[1] I would note that while Defendants' counsel have implied that the Court or its staff may have engaged in *ex parte* contact or some other possible impropriety, they simultaneously claim that "[they] have never and are not suggesting that this Court or any court administrator did anything inappropriate . . ." (*See* Dkt. 159, p. 5, n.3; Dkt. 172, p.2, n.1.) Their position on this point is not entirely clear and seems to be in tension with itself. At any rate, once the suggestion of impropriety has been made and is not withdrawn, it must be addressed.

[2] Because of the personal nature of this discussion, I will utilize the first person pronouns, rather than the more traditional third person reference to "the Court."

[3] In small districts, like the District of Idaho, it is not unusual for individuals to "wear two hats" in the sense that they perform multiple discrete functions. In this case Ms. Boring-Headlee had worked as my judicial assistant for many years before accepting a half-time position as ADR/Pro Bono Coordinator, and reducing her work in my chambers to half-time. Subsequently, the position of ADR/Pro Bono Coordinator has become a full-time position and Ms. Boring-Headlee no longer works directly for me as a

were in this latter capacity. The Pro Bono Coordinator is tasked with assessing whether attorneys are willing to represent litigants of limited means. Pro bono attorneys offer a valuable service that greatly enhances the administration of justice, and their willingness to volunteer should not be discouraged. As Defendants' counsel notes, some communication between the Pro Bono Coordinator and prospective counsel is necessary and proper. (Dkt. 159, p. 2, n.1.)

However, the Court is concerned that there is at least the appearance of impropriety here. An individual reviewing the facts of this case might harbor a concern that an individual associated with my chambers was involved with discussions that facilitated the filing of a class action in this case. It is proper and laudatory for the Court and its staff to approach attorneys about representing pro se litigants pursuing non-frivolous individual claims. Such efforts are highly appropriate as a means of providing equal access to justice and promoting due process of law. On the other hand, it is improper for the Court or its staff to facilitate or encourage litigation intended to seek or obtain broader societal and institutional changes through class actions or similar devices. Such efforts improperly involve the courts in the adversarial process and undermine the judge's role as a disinterested arbiter.

While I am persuaded there was no actual impropriety and no solicitation of Mr. Pevar to file a class action in this matter, the appearance is still there. I have concluded

---

judicial assistant or in any other capacity.

**ORDER - 3**

that the appearance of impropriety requires me to recuse myself from further involvement in this proceeding. 28 U.S.C. § 455(a). No other pending motions will be resolved at this time, and the case will be designated for random reassignment to another judge.

Finally, just as I take my own ethical responsibilities seriously, I expect counsel to do likewise. I have become concerned by the tenor and tone of the filings in this case. After more than 23 years on the bench, I have learned that personal attacks on opposing counsel and an inability to agree on even the most minor points do not advance the cause of either side, and instead serve only to damage counsel's credibility. I would ask Counsel to carefully review District of Idaho Local Civil Rule 83.8, which sets forth the standards of civility to which all counsel appearing in this District are expected to adhere.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Reassignment of Class Claims (Dkt. 159) is GRANTED to the extent that the undersigned recuses himself from presiding over this case.

2. The Clerk of Court shall randomly assign the case *Riggs v. Valdez*, et al., 09-10, to another judge in accordance with applicable case assignment rules and procedures.

3. The hearing currently set for May 19, 2011, is VACATED.



DATED: **April 19, 2011**

                                                          

Honorable B. Lynn Winmill
Chief U. S. District Judge