UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARLIN RIGGS, individually, and JOSE PIÑA, JOE ROCHA, ANDREW IBARRA, JOSHUA KELLY, RAY BARRIOS, and RANDY ENZMINGER, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIP VALDEZ, NORMA RODRIGUEZ, CHRISTOPHER ROSE, STEVEN DANFORTH, and WILLIAM DEAN, individually and in their official capacities, and CORRECTIONS CORPORATION OF AMERICA, Inc.,<br><br>Defendants. | Case No. 1:09-00010-EJL<br><br>MEMORANDUM ORDER |

## INTRODUCTION

This prisoner civil rights case has recently been reassigned, and several motions are currently pending before the Court. The parties have adequately presented the facts and legal arguments in their written briefing, and the Court finds that oral argument will not be necessary before resolving these matters. D. Idaho L. Civil R. 7.1(d).

**MEMORANDUM ORDER - 1**

For the reasons set forth below, the Court disposes of the pending motions as follows:

(1) Plaintiffs' Motion to Sever (Dkt. 142) and Plaintiffs' Motion to Amend (Dkt. 143) are granted. The potential class action seeking declaratory and injunctive relief will be severed from Plaintiff Riggs's claims for monetary damages and assigned a new case number. Amended complaints will be authorized in each case. Plaintiffs' Renewed Motion to Certify Class (Dkt. 93) will be denied without prejudice to refiling.

(2) The Associated Press's Motion to Intervene for the Limited Purpose of Opposing Defendants' Motion for a Restraining Order (Dkt. 137) is granted. Defendants' Amended Motion for a Restraining Order (Dkt. 119) is denied, and Plaintiff's Motion to Dismiss Defendants' Motion for a Restraining Order (Dkt. 133) is denied as moot.

(3) Plaintiffs' unopposed Motion to Unseal Documents (Dkt. 135) is granted.

(4) Defendants' Request for Relief (Dkt. 141) is deemed moot.

## BACKGROUND

On January 12, 2009, Marlin Riggs, then a prisoner at the Idaho Correctional Center ("ICC"), initiated this lawsuit alleging that prison employees and officials had failed to protect him from violence and were deliberately indifferent to his serious medical needs, in violation of his Eighth and Fourteenth Amendment rights. (Dkt. 3.)

**MEMORANDUM ORDER - 2**

Chief Judge B. Lynn Winmill consolidated Riggs's Complaint with several other prisoner complaints that raised similar claims against ICC officials. (Dkt. 5.) When it became apparent that some prisoners had not yet exhausted their administrative remedies, Judge Winmill deconsolidated Riggs's Complaint so that it could proceed under its own case number. (Dkt. 8.) Steven Pevar of the American Civil Liberties Union and James D. Huegli later agreed to enter the case as pro bono counsel. (Dkt. 11.)

With the assistance of counsel, Riggs filed an Amended Complaint, adding five new plaintiffs. (Dkt. 16.) In the amended pleading, all plaintiffs alleged that Defendants had failed to protect them from assaults at ICC, but Riggs sued on his own behalf and requested monetary damages while the new plaintiffs sought declaratory and injunctive relief on behalf of all similarly situated inmates at ICC. (Dkt. 16, pp. 78-80.) In other words, the Amended Complaint combined Rigg's individual claims for monetary damages with a potential class action seeking only equitable relief.

Defendants responded by filing a Motion to Strike and arguing that the potential class action had been misjoined with Riggs's individual claims. (Dkt. 27.) At the time, Plaintiffs objected to splitting the matter into two cases, and Judge Winmill denied Defendants' Motion. (Dkt. 36.) Plaintiffs then amended the Complaint a second time to add a new plaintiff who raised the same claims and sought the same relief as the five other purported class representatives.[1] (Dkt. 71.)

---

[1] Plaintiffs also dismissed all claims against certain Idaho Department of Correction personnel, and no State defendants remain in this case.

Defendants next filed a Motion to Dismiss the Second Amended Complaint (Dkt. 73), claiming that the new plaintiffs had not properly exhausted their administrative remedies. In an October 10, 2010 Memorandum Decision and Order, Judge Winmill concluded that, with the exception of Plaintiff Rocha, the purported class representatives had exhausted all claims in the Second Amended Complaint except a claim alleging the denial of adequate post-assault medical care. (Dkt. 92.)

In response to that decision, Plaintiffs renewed their motion seeking an order certifying a class under Rule 23 of the Federal Rules of Civil Procedure. (Dkt. 93.) Judge Winmill thereafter set deadlines to complete briefing on class certification issues, allowed the parties to begin discovery, and scheduled a hearing for May 19, 2011.[2] (Dkt. 107.) In the interim, the parties submitted numerous motions, and Judge Winmill vacated the briefing schedule on class certification issues pending the resolution of these motions. (Dkt. 170.) He has since recused himself from presiding over the case, vacated the May 19 hearing date, and the matter was reassigned. (Dkt. 174.)

This Court has been fully advised in the pending motions and is prepared to rule on these matters.

## PLAINTIFFS' MOTION TO SEVER AND MOTION TO AMEND

In stark contrast to their earlier position, Plaintiffs now request that the Court split Riggs's claims for monetary damages and the potential class action claims into two

---

[2] An earlier hearing was also set for Plaintiff's Motion for Preliminary Injunction and Partial Summary Judgment, but was later vacated after Plaintiffs withdrew that Motion.

**MEMORANDUM ORDER - 4**

separate cases. They also seek leave to amend the complaints in each new case. Defendants are not opposed to severance – which is consistent with their position throughout this case – but they do object to the filing of amended complaints. The Court will exercise its discretion and grant both of Plaintiffs' requests.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings in a civil case. A party may amend once as a matter of course, but in all other cases the party must first receive the consent of the opposing party or leave of court. Fed. R. Civil P. 15(a). Absent a showing of bad faith, prejudice to the opposing side, undue delay, or futility, there is a strong presumption in favor of allowing a party to amend. *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Applying those standards here, the Court does not find that Plaintiffs have acted in bad faith, unreasonably delayed bringing their most recent amendments, or that the amendments are obviously futile. While the Court is not unsympathetic to Defendants' argument that Plaintiffs' counsel have created a moving target by adding new parties and allegations in a piecemeal fashion, the Court sees little actual prejudice to Defendants. The putative class action is still in its early stages, discovery is ongoing, and Defendants may raise whatever defenses to the amendments that they believe are appropriate.

Accordingly, Plaintiff Riggs's amended Complaint (Dkt. 171-1) will proceed under this case number while the Amended Class Action Complaint for Declaratory and Injunctive Relief (Dkt. 143-2) will be severed and docketed under a new case number.

**MEMORANDUM ORDER - 5**

The undersigned District Judge will continue to preside over both cases.

## DEFENDANTS' MOTION FOR RESTRAINING ORDER
## AND THE ASSOCIATED PRESS'S MOTION TO INTERVENE

The Court next considers Defendants' request for an order prohibiting the parties and counsel from making extrajudicial statements to the media. In support, Defendants highlight what they contend are inflammatory and prejudicial comments that Plaintiffs' counsel Steven Pevar has apparently made in press releases and interviews. Defendants assert that a restraining order is necessary to shield prospective jurors from similar comments by Mr. Pevar in the future.

In response, Plaintiffs claim that once the cases are severed, Mr. Pevar will no longer represent Marlin Riggs in his damages case and will instead be counsel only in the potential class action, which would be tried to the Court. According to Plaintiffs, because Mr. Pevar would not be counsel of record in the only case that could proceed to a jury trial, a retraining order intended to protect the jury pool from his comments is moot.

In addition to Plaintiffs' response, the Associated Press (the "AP") has also filed a request for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure so that it may be heard in opposition to Defendants' Motion. The Court is persuaded that the AP has shown a sufficient First Amendment interest in the outcome of this Motion, and the Court will grant its request to intervene. *See*, *e.g.*, *Radio & Television News Ass'n of S. Cal. v. United States District Court*, 781 F.2d 1443, 1445 (9th Cir. 1986)

(holding that a media group had standing to challenge trial court's order restraining a defense attorney from speaking to the media). However, intervention is limited solely to responding to Defendants' present Motion, and the Court has taken the AP's arguments into consideration.

The Court is not persuaded that a restraining order is necessary or advisable at this time. A sweeping order of the type that Defendants have proposed would be a prior restraint on free speech, *see Levine v. U.S. District Court for the Central District of California*, 764 F.2d 590, 595 (9th Cir. 1985), and Defendants have not justified the infringement that such an order would have on the First Amendment rights of the parties, counsel, the media, and the public. It is true that this case has garnered some media attention, but Defendants have not established that the coverage has been so pervasive or hostile to this point that their right to a fair trial is threatened absent a gag order.

Moreover, while the Court is concerned by the nature and tone of some of Mr. Pevar's public statements, he appears to have made those statements on isolated occasions separated by several months over the course of the last year to year and a half. And though the Court is not entirely convinced by Mr. Pevar's assertion that there is no longer any risk of prejudice to Defendants simply because he will not represent Riggs in the damages case, it agrees that the risk has been diminished somewhat by that turn of events.

Therefore, the Court is confident that Defendants' rights will be adequately protected by voir dire examination of all potential jurors and that an impartial jury can

**MEMORANDUM ORDER - 7**

still be obtained in this District without the need for a restraining order. From this point forward, the Court trusts that all counsel will exercise discretion and refrain from making statements that might violate their ethical duties or jeopardize the fair administration of justice in this or any other case.

## OTHER MOTIONS

The final two pending motions have been resolved by the parties. Defendants' Request for Relief (Dkt. 141) is now moot in light of the parties' stipulation that no summary judgment motions will be filed before the close of all discovery. (Dkt. 162.)

In addition, Defendants have withdrawn their objection to Plaintiffs' Motion to Unseal Defendants' Sealed Filings. (Dkts. 135, 175.) The Court will order the Clerk to unseal Exhibits A, B, D, E, F, and G to Defendants' Response to Plaintiffs' Motion for Preliminary Injunction and Partial Summary Judgment (Dkts. 127-1, 127-4). Defendants shall re-file, unsealed, Exhibit C and the errata related to Exhibit C after redacting any information that identifies the confidential affiants in that Exhibit. (Dkts. 127-2, 127-3, 130, 131.)

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motion to Sever (Dkt. 142) is GRANTED. The potential class action seeking declaratory and injunctive relief is severed from Plaintiff Marlin Riggs's claims for monetary damages.

2. Plaintiffs' Motion to Amend (Dkt. 143) is GRANTED. The Clerk of Court shall open a new case and docket this Memorandum Order and Plaintiffs' Amended Class Action Complaint for Declaratory and Injunctive Relief (found at Dkt. 143-2, Appendix B) under the new case number. To clarify the record, Plaintiff Riggs's counsel shall re-file, as a separate pleading in Case No. 1:09-CV-00010-EJL, the Complaint for Damages and Violation of Constitutional Rights that he previously lodged as an attachment to a Notice (Dkt. 171-1).

3. Plaintiffs' Amended Class Action Complaint for Declaratory and Injunctive Relief will be the operative pleading in the new case and Plaintiff Riggs' re-filed amended Complaint for Damages and Violation of Constitutional Rights will be the operative pleading in Case No. 1:09-CV-00010-EJL. The undersigned District Judge shall remain as the presiding judge in both cases.

4. Given these rulings, Plaintiffs' Renewed Motion for Class Certification (Dkt. 93) is DENIED without prejudice.

5. The Associated Press's Motion to Intervene for the Limited Purpose of Opposing Defendants' Motion for a Restraining Order (Dkt. 137) is GRANTED, and the Associated Press has been permitted to intervene solely to offer its position related to Defendants' request for a restraining order.

**MEMORANDUM ORDER - 9**

6. Defendants' Amended Motion for a Restraining Order (Dkt. 119) is DENIED.

7. Plaintiff's Motion to Dismiss Defendants' Motion for a Restraining Order (Dkt. 133) is dismissed as MOOT.

8. Plaintiffs' Motion to Unseal Documents (Dkt. 135) is GRANTED. The Clerk of Court shall unseal Exhibits A, B, D, E, F, and G to Defendants' Response to Plaintiffs' Motion for Preliminary Injunction and Partial Summary Judgment, (Dkts. 127-1, 127-4), but shall not unseal Exhibit C (Dkt. 127-2, 127-3). Defendants shall instead re-file Exhibit C and the errata related to Exhibit C in Case No. 1:09-CV-00010-EJL after redacting the names and identifying information related to confidential affiants. (Dkts. 127-2, 127-3, 130, 131.)

9. Defendants' Request for Relief (Dkt. 141) is dismissed as MOOT.

10. The Court intends to issue scheduling orders in each case setting deadlines for the amendment of the pleadings and joinder of parties, completion of discovery including expert disclosures, the filing of a renewed motion for class certification in the proposed class action, the filing of dispositive motions, alternative dispute resolution options, and trial dates. To that end, no later than 21 days from the date of this Order, the parties shall confer with each other and shall submit either a proposed joint litigation plan or a

stipulation in each case addressing these and any other pertinent issues or deadlines. Sample litigation plans can be found on the Court's website at www.id.uscourts.gov/forms-dc.htm. If the parties cannot agree on a joint proposal, they may submit their own plans with proposed deadlines.

DATED: **April 27, 2011**

Honorable Edward J. Lodge
U. S. District Judge