UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARLIN RIGGS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONS CORPORATION OF AMERICA, Inc.,<br><br>　　　　　　Defendant. | Case No. 1:09-cv-00010-EJL<br><br>**ORDER** |

　　　　On September 22, 2011, this prisoner civil rights case was dismissed with prejudice after the parties notified the Court that they had reached an agreement in a settlement conference supervised by the Honorable David Carter, District Judge for the Central District of California. (Dkt. 207.) The docket indicates that a "Sealed Agreement" between the parties was filed ten days earlier, on September 12. (Dkt. 205.) Currently pending is the Associated Press's Motion to Intervene for the Limited Purpose of Seeking to Unseal the Settlement Agreement and For [an] Order Unsealing the Settlement Agreement. (Dkt. 208.)

**ORDER - 1**

The AP argues that this case raises significant issues of public concern. (Dkt. 208-1, p. 2.) According to the AP, because the Sealed Agreement was filed on the record after a judicially supervised settlement conference, it is now a public record and should be unsealed. (*Id*. at 5-6.) Counsel for both Plaintiff and Defendant have submitted affidavits in which they state that the parties intended for the terms of the settlement agreement to remain absolutely confidential. (Dkt. 212-1, Affidavit of Daniel P. Struck, ¶ 9; Declaration of James Huegli, ¶ 9.) They claim that they did not place the Sealed Agreement in the Court's file, and they assert that unsealing the document would have negative repercussions for both sides. (*Id*.)

The Court is persuaded by Plaintiff's and Defendant's unified position in this matter. This case was referred to Judge Carter, visiting from another judicial district, solely to conduct a settlement conference as part of the Court's alternative dispute resolution program. (Dkt. 201.) The parties did not need Judge Carter's approval as a judicial officer, or this Court's approval, to settle the case. Additionally, the Court has neither adopted the agreement as part of a judgment nor retained jurisdiction to enforce its terms. The Court is convinced that the parties intended for the terms to remain confidential and that the agreement was inadvertently filed on the Court's CM/ECF system.

ORDER - 2

The present circumstances are distinguishable from those in *Jessup v. Luther*, 277 F.3d 926, 930 (7th Cir. 2002), a Seventh Circuit case on which the AP relies. There, the parties participated in settlement discussions with a magistrate judge, who "approved" an agreement in some fashion, dismissed the case, and ordered all documents related to the settlement to be sealed. *Id*. at 927. On appeal, the Seventh Circuit concluded that the magistrate judge's participation, which resulted in the filing of the agreement, rendered the agreement presumptively a public record, and neither the parties nor the magistrate judge gave any reason to rebut that presumption. *Id*. at 929.

In *Jessup*, it was unclear why the settlement documents were given to the judge for his "approval," only the plaintiff requested that the terms be kept secret, and the judge gave no reason why he agreed to sealing the records. 277 F.3d at 927-28. Here, in contrast, it is clear that *neither* party intended for the agreement to be filed with the Court, and it appears that the agreement was filed due to an oversight or a clerical error. Judge Carter's role was also more limited than the judge's role in *Jessup*; he did not order the case to be dismissed or order that all settlement documents should be put into the record and sealed. Under these circumstances, his participation as a facilitator of settlement discussions and the inadvertent filing of the settlement agreement did not transform the parties' private agreement into a public record that should be open for inspection.

ORDER - 3

Even if the Sealed Agreement were presumptively a public record, the Court finds that the parties' interest in confidentiality rebuts that presumption and outweighs the interest of the public to learn the terms of the agreement. The Court has grave concerns that disclosing those terms would place Plaintiff at risk for intimidation or assault in prison, discourage litigants from entering into negotiations in lawsuits raising similar claims and from participating in judicially supervised settlement conferences, and could encourage potentially frivolous prisoner lawsuits. While the Court understands that the operation of a prison raises issues of public concern, the public is already aware through media reports that this case and the companion case of *Kelly v. Wengler*, 1:11-cv-00185-EJL have settled. The *Kelly* case involved several plaintiffs seeking class certification and injunctive relief, and the parties in that case chose to inform the pubic of the terms of the agreement, which includes system-wide changes in the administration of the prison. (*See id*. at Dkt. 25, pp. 4-6.) The present case now involves only a single prisoner seeking monetary damages for an assault. The public's interest in knowing the precise terms of his agreement with CCA is outweighed by the parties' interest in confidentiality as a means of minimizing the serious risks that the Court has found to exist.

For these reasons, the AP's Motion to Unseal will be denied.

**ORDER**

IT IS ORDERED that the Associated Press's Motion to Intervene for the Limited Purpose of Seeking to Unseal the Settlement Agreement and For Order Unsealing the Settlement Agreement (Dkt. 208) is GRANTED in part and DENIED in part. The Motion is GRANTED insofar as the Associated Press has been permitted to intervene for the limited purpose of offering its position on unsealing the document filed at Dkt. 205, but the Motion to unseal that document is DENIED.

IT IS FURTHER ORDERED that the Sealed Agreement (Dkt. 205) shall be deemed stricken from the record. To the extent that the document cannot be deleted from the CM/ECF system, it shall remain sealed. The Clerk of Court shall rename the docket text at Dkt. 205 as "Stricken by Order of the Court at Dkt. 214."

DATED: **December 14, 2011**

Honorable Edward J. Lodge
U. S. District Judge